FILED
SUPERIOR COURT
OF GUAM

2020 DEC 28 PM 4: 02

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM , | ) |
| Plaintiff, | ) CRIMINAL CASE NO.: CF0333-20 |
| vs. | ) |
| JOHN ANTHONY CHARGUALAF, | ) **DECISION AND ORDER:** |
| DOB: 01/27/1986 | ) **PLAINTIFF'S MOTION TO MODIFY** |
| | ) **PRE-TRIAL RELEASE** |
| Defendant. | ) |

## I. INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on August 19, 2020 as a Motion Hearing for the People of Guam's (the "People") Motion to Modify the Pre-Trial Release (July 16, 2020). Assistant Attorneys General Brendlynn Joseph and Dannis Le represent the People of Guam. John Anthony Chargualaf ("Defendant") is represented by Assistant Public Defender Zachary Taimanglo. All parties were present at the hearing via Zoom platform as authorized by the Guam Supreme Court in Administrative Order No. ADM No. 001-20 (July 1, 2020). The Court ruled from the bench and issues this Decision and Order memorializing its ruling, DENYING IN PART AND GRANTING IN PART THE PEOPLE'S MOTION TO MODIFY THE PRE-TRIAL RELEASE.

## II. BACKGROUND

Pursuant to a Magistrate's Complaint (June 19, 2020), Defendant was charged with the offense of Indecent Exposure as a Third Degree Felony.

The charges stem from an interaction in which Defendant is alleged to have exposed his genitals to J.J.M. (DOB 11/01/2005) ("Alleged Victim") in violation of 9 GCA § 28.65(a) and (b)(1). The Magistrate Judge also issued an Order of Conditional Release and Appearance Bond (June 19, 2020) requiring that Defendant have no contact with the Alleged Victim and that he is not to be alone with minors, not including his own children. On July 16, 2020, the People filed a Motion to Modify the Pre-Trial Release where they requested the additional requirements 1) that Defendant not be allowed to be alone with his own two minor children as well other minor children; 2) that Defendant must refrain from discussing the case with his children, including anything related to their mother as a witness; and 3) that Defendant surrender his Glock 43 pistol to Probation Services while this matter remains open. Defendant filed a Response on August 12, 2020 opposing the additional requirement to surrender his firearm due to the charge being a nonviolent offense. The Motion was heard on August 19, 2020.

## III.   LAW AND ANALYSIS

Under 8 GCA § 40.60 the judge may issue an order in which additional restrictions are imposed on the Defendant when the prosecution has shown that there exists a danger that the person charged will commit an offense, seek to intimidate witnesses, or will otherwise interfere with the unlawful administration of justice. The People have requested for the Court to order three additional restrictions upon the Defendant while this case remains open. First, the People request that Defendant not be allowed to be alone with his own two minor children as well as not allowed to be alone with other minor children. The People request that all time Defendant spends with his own two children be in a supervised visitation setting. *Mot.* at p.1. Second, the People request the additional requirement that Defendant not be allowed to discuss the case or any matters related to the case, including in regard to their mother as a witness, with his children.

*Id.* Third, the People request that Defendant surrender his personal firearm, a Glock 43 pistol, to Probation Services while the case remains open. *Id.* The People assert that the nature of the charge against the Defendant inherently poses a danger to all minor children in the Defendant's presence. *Mot.* at p.3. The People maintain that these additional requirements are necessary considering additional information that has come to light regarding the Defendant's relationship with the Alleged Victim and his blended household and familial unit from the time he was charged.

The Defendant does not oppose the addition of the first two additional requirements requested by the People, the supervised visitation with his own minor children and being unable to discuss matters related to the case with his children. *Response*; *H'rg.* at 9:52:20AM. In regard to the first two requested additions, supervised visitation with Defendant's children and the prohibition of discussing the case with his children, the Court GRANTS THE MOTION TO MODIFY PRE-TRIAL RELEASE IN PART.

The People expressed concern that the Defendant's personal firearm could be used to intimidate and, that if used to intimidate, poses a substantial risk of serious bodily injury or death, and would interfere with the lawful administration of justice under 8 GCA § 40.60. *Mot.* at p.4. The People argue that the Defendant's alleged actions constitute a family event because of the nature of their blended household and his relationship with the Alleged Victim and should be treated like the more serious family violence offense which would warrant, if not require, the surrender of Defendant's personal firearm. *Hr'g.* at 9:50:37AM. The People argue for the surrender of the firearm as a precautionary measure to prevent something from happening during the pendency of the action and argue that, if convicted, the Defendant will have to surrender all firearms anyway. *Id.*

Defendant opposes the surrender of his legally owned firearm and firearm carrier identification card to Probation. Defendant argues that this case does not involve the use of deadly weapons and asks the Court to allow him to keep his registered and legally owned firearm and firearm identification card. *Response.*

During the hearing on the Motion, the Court stated that the People in prosecuting this case and providing the facts which form the basis of the charge against the Defendant, the People did not provide facts which supported the more serious charge of family violence under 9 GCA §§ 30.10–20. The family violence statute requires a showing that the defendant, upon another member of the household or family, attempted or caused bodily injury, placed them in imminent fear of bodily injury, or impeded their breathing or circulation. 9 GCA § 30.10(a). The People are not prosecuting a family violence offense, they have chosen to prosecute Defendant for a nonviolent indecent exposure offense under 9 GCA § 28.65. This offense does not require on its face the surrender of firearms as a pre-trial release condition.

The Court further posits that in observance of the legal principle where the defendant is presumed innocent until proven guilty, the interest of justice prevents the Court from imposing this additional requirement prematurely on the Defendant when he has not been adjudged as guilty of a felony nor does he have any record of prior offenses. *Hr'g.* at 9:55:23AM. In regard to the third requested addition, surrender of Defendant's Glock 43 pistol and firearm identification card, the Court DENIES THE MOTION TO MODIFY PRE-TRIAL RELEASE IN PART.

IV. **CONCLUSION**

For the reasons set forth herein, the Court GRANTS IN PART AND DENIES IN PART the People's Motion to Modify Pre-Trial Release. The People's request that Defendant surrender his Glock 43 pistol is hereby DENIED. Defendant has not been charged with a violent offense and is

not required to surrender his personal firearm to Probation. The People's requests for supervised visitation with Defendant's children and not to discuss the matters related to this case are GRANTED. Defendant is ORDERED to adhere to a stay-away order and may not be alone with any minor children, including his own two minor children. Defendant is only allowed to see his own children during supervised visitation with another adult. Defendant is ORDERED not to discuss any matters related to this case with his children.

SO ORDERED this ____DEC 2 0 2020____ *nunc pro tunc* August 19, 2020.

**HONORABLE MARIA T. CENZON**

JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:

AG, POSC

Date: 12/30/20 Time: 4:14pm

Antonio ___ Cruz

Deputy Clerk Superior Court of Guam